UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL MCGEE, et al.,

    Plaintiffs,

vs.                                                    Case No. 8:11-cv-1100-T-27TGW

COMMONWEALTH LAND TITLE
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Commonwealth Land Title Insurance Company's motion to dismiss (Dkt. 33) and Plaintiffs' opposition (Dkt. 38). In this action, Plaintiffs contend that the declaration establishing their condominium units did not comply with certain statutory requirements and was therefore invalid. Under Fla. Stat. § 718.110(10), a condominium declaration which fails to comply with all statutory requirements is deemed effective to create a condominium if an action is not filed within three years of the date on which the declaration was recorded. Because this action was not filed within three years of the recordation of the subject condominium declaration, Commonwealth's motion is due to be granted.

### Background

On November 17, 2005, a developer recorded the Declaration of Sarasota Cay Club Condominium ("Declaration") in the public records of Manatee County (Dkt. 28-3). After the Declaration was recorded, Plaintiffs purchased condominium units in Sarasota Cay Club. On December 18, 2009, they commenced this action against approximately 70 defendants, alleging that they were defrauded by virtually every person or entity involved in the project and their real estate

transactions (Case No. 8:09-cv-2543, Dkt. 1). Plaintiffs' original complaint was dismissed, and their claims were severed into seven actions (*Id.*, Dkt. 159).

This action is against Commonwealth, which issued title insurance on Plaintiffs' condominium units. Plaintiffs contend that they received defective title because the Declaration failed to comply with Chapter 718 and therefore no condominium was ever created. Plaintiffs submit that the Declaration was deficient because the developer held the property under a 24 month lease, the Division of Florida Condominiums, Timeshares, and Mobile Homes ("Division") found it lacked jurisdiction, and the common elements were illusory.

Commonwealth moved to dismiss the amended complaint, arguing that Plaintiffs' claims are untimely under Fla. Stat. § 718.110(10). Although Plaintiffs oppose the motion, they have not offered any convincing arguments that would preclude application of section 718.110(10).

**Standard**

Plaintiffs argue that the "no set of facts" standard from *Conley v. Gibson*, 355 U.S. 41 (1957) should be applied. The Supreme Court "retire[d]" *Conley v. Gibson* in favor of a standard requiring plaintiffs to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

**Discussion**

"A condominium is created by recording a declaration in the public records of the county where the land is located, executed and acknowledged with the requirements for a deed." Fla. Stat. § 718.104(2). "It is the recording of the declaration in the public records that subjects the property to condominium ownership." *Winkelman v. Toll*, 661 So. 2d 102, 105 (Fla. 4th DCA 1995). Sarasota

2

Cay Club Condominium was therefore "created" on November 17, 2005 when the Declaration was recorded in the public records. Fla. Stat. § 718.104(2); *Winkelman*, 661 So. 2d at 105-06.

Plaintiffs contend that the condominium never came into existence due to deficiencies in the Declaration. Fla. Stat. § 718.110(10) provides:

> If there is an omission or error in a declaration of condominium, or any other document required to establish the condominium, which omission or error would affect the valid existence of the condominium, the circuit court has jurisdiction to entertain a petition of one or more of the unit owners in the condominium, or of the association, to correct the error or omission, and the action may be a class action. The court may require that one or more methods of correcting the error or omission be submitted to the unit owners to determine the most acceptable correction. All unit owners, the association, and the mortgagees of a first mortgage of record must be joined as parties to the action. Service of process on unit owners may be by publication, but the plaintiff must furnish every unit owner not personally served with process with a copy of the petition and final decree of the court by certified mail, return receipt requested, at the unit owner's last known residence address. **If an action to determine whether the declaration or another condominium document complies with the mandatory requirements for the formation of a condominium is not brought within 3 years of the recording of the declaration, the declaration and other documents shall be effective under this chapter to create a condominium, as of the date the declaration was recorded, whether or not the documents substantially comply with the mandatory requirements of law.** However, both before and after the expiration of this 3-year period, the circuit court has jurisdiction to entertain a petition permitted under this subsection for the correction of the documentation, and other methods of amendment may be utilized to correct the errors or omissions at any time.[1]

(emphasis added). Plaintiffs do not seek to "correct" any error or omission in the Declaration.

Plaintiffs request a determination that the Declaration was ineffective due to its

---

[1] Accordingly, where there is a concern that the Declaration failed to comply with the statutory requirements to create a condominium, an action may be filed: (1) to correct the error(s) or omission(s), or (2) to determine whether the declaration complies with the requirements for the formation of a condominium.

3

noncompliance with certain statutory and administrative requirements.[2] Section 718.110(10) makes clear, however, that such an action must be filed "within 3 years of the recording of the declaration." Otherwise, the declaration "shall be effective under this chapter to create a condominium, as of the date the declaration was recorded, whether or not the documents substantially comply with the mandatory requirements of law." Fla. Stat. § 718.110(10). Plaintiffs did not file this action by November 17, 2008. Fla. Stat. § 718.110(10) therefore deemed the Declaration effective to create a condominium, regardless of whether it was in substantial compliance with the statutory requirements.

To avoid the effect of section 718.110(10), Plaintiffs contend that the provision "pertain[s] to 'content language errors,' as identified by 718.104(4)(a) through (n)." (Dkt. 28, Am. Compl. ¶ 61(a)). But there is nothing in the plain language of the statute which suggests, let alone imposes, such a limitation. The legislative history that Plaintiffs filed simply notes that section 718.110(10) was transferred from a different section. (Dkt. 38-1, Ex. 2). Plaintiffs' reference to the legislative history of subsections (1) and (5) is unhelpful, because subsection (1) addresses proposals to amend a declaration, and subsection (5) addresses the procedure for correcting certain scrivener's errors.

Plaintiffs "suggest that the purpose of 718.110(10) is to preclude revisit[ing] actions taken by condominium associations (which ordinarily must be approved by certain votes), and if not challenged on a timely basis (after the three year statutory period) the voting requirement may be waived." (Dkt. 38 at 4). But section 718.110(10) expressly applies to actions regarding "a declaration," which is neither created nor amended by the condominium association. *See* Fla. Stat. §§ 718.104; 718.110.

---

[2] Even though Plaintiffs seek a determination that the entire condominium regime is invalid, they have not joined "[a]ll unit owners, the association, and the mortgagees of a first mortgage of record." Fla. Stat. § 718.110(10).

Plaintiffs "assert that 718.110(10) does not impose a three-year statute of limitations to prevent one from asserting that they did not receive property rights that were promised to be conveyed." (Dkt. 38 at 4). But after three years, section 718.110(10) does prevent anyone from challenging that the entire condominium regime is invalid on the grounds Plaintiffs have raised. Plaintiffs are not without a remedy, however. "[T]he provisions of the declaration must conform to the statutory requirements, and to the extent that they conflict therewith, the statute must prevail." *Winkelman*, 661 So. 2d at 105. If the Declaration fails to comply with the statutory requirements, as Plaintiffs contend, section 718.110(10) does not preclude an amendment to the Declaration. Further, the statute authorizes an action to correct such deficiencies in the Declaration, even after the three year period. What Plaintiffs cannot do, however, is file an action which asserts that a condominium was never created.

In any event, the deficiencies Plaintiffs rely on do not render the Declaration ineffective or constitute a title defect. First, it is immaterial that the developer held the property under a 24 month lease, because the owner joined and consented to the Declaration. (Dkt. 28-3 at 61). Therefore, the "interest in the land" submitted to condominium ownership was both the leasehold and the fee simple interest. Fla. Stat. § 718.104(2). Even if the owner disclaimed liability related to the Declaration, as Plaintiffs argue, it did not limit the condominium to the 24 month leasehold interest.

Second, Plaintiffs' claims are not supported by the Division's determination that it lacked jurisdiction. The Division's jurisdiction is limited to "residential condominium units." Fla. Stat. § 718.501(1). It does not have jurisdiction over other types of condominiums. The Division found that Sarasota Cay Club was "not considered a residential condo under Chapter 718."[3] (Dkt. 28-4 at 3).

---

[3] This finding is supported by the Declaration. Although the Declaration referred to Plaintiffs' units as "Residential Units" (in contrast to the "Commercial Units" in the project), the Declaration made clear that this was not a 'residential condominium' within the meaning of the Condominium Act. Fla. Stat. § 718.103(23) defines "Residential

5

Nonetheless, the parties appear to dispute whether Sarasota Cay Club was a residential condominium. Whether Sarasota Cay Club was or was not a residential condominium has little bearing on Plaintiffs' claims.[4] Plaintiffs have not pointed to anything which shows that Commonwealth insured title to a "residential condominium" within the meaning of the Condominium Act. In fact, Plaintiffs concede that "The CLT title insurance provides for insurance of title to a 'condominium,' (not specific as to residential or otherwise)." (Dkt. 38 at 5).

Third, Plaintiffs' argument that the common elements did not exist or were illusory is rejected. The parties devote considerable attention to addressing whether certain subsurface land is an illusory common element. (*See* Declaration § 3.4(b)). But this has little to do with Plaintiffs' claim. The thrust of Plaintiffs' claim is that the Declaration failed to include sufficient property within the designation of common elements, not that a particular common element should have been excluded.[5] For the most part, Plaintiffs failed to identify any particular property which the Condominium Act required to be designated as a common element but was omitted from the Declaration.

Fla. Stat. § 718.108 provides the following definition of common elements:

---

Condominium" as "a condominium consisting of two or more units, any of which are intended for use as a private temporary or permanent <u>residence</u> . . . ." (emphasis added). The Declaration expressly provides:

> 16.1 <u>Occupancy</u>. Each Residential Unit shall be used as a temporary <u>non-residential</u> condominium unit, except as otherwise herein expressly provided . . . .

> (emphasis added).

[4] Plaintiffs point out that an email from the Division noted that the project was classified as "non-conforming" in reference to the common element language in the Declaration. (Dkt. 28-4 at 2). But as the email shows, the Division simply determined that the project was not a <u>residential</u> condominium. (Dkt. 28-4 at 3). The Division did not determine that there was no condominium at all.

[5] Plaintiffs suggest that the Condominium Association has not held meetings or conducted business because "there is nothing for [the Association] to administer." (Dkt. 38 at 8). Plaintiffs have not explained how the Association's actions would render the Declaration invalid or constitute a title defect.

> (1) "Common elements" includes within its meaning the following:
>
> (a) The condominium property which is not included within the units.
>
> (b) Easements through units for conduits, ducts, plumbing, wiring, and other facilities for the furnishing of utility services to units and the common elements.
>
> (c) An easement of support in every portion of a unit which contributes to the support of a building.
>
> (d) The property and installations required for the furnishing of utilities and other services to more than one unit or to the common elements.
>
> (2) The declaration may designate other parts of the condominium property as common elements.

In addition to the subsurface land, the Declaration designated the following property as common elements:

> 2.13 "Common Elements" mean and include:
>
> (a) The portions of the Condominium Property which are not included within the Units.
>
> (b) An easement of support in every portion of a Unit which contributes to the support of the Building.
>
> (c) Any other parts of the Condominium Property designated as Common Elements in this Declaration.
>
> The Condominium has been established in such a manner to minimize the Common Elements. Most components which are typical "common elements" of a condominium have instead been designated herein as part of the Shared Components of the Commercial Units. No portion of the Shared Facilities shall be deemed Common Elements hereunder.

(Declaration § 2.13).

The only item in § 718.108 which Plaintiffs allege the Declaration failed to designate as a common element is "[t]he property and installations required for the furnishing of utilities and other

7

services to more than one unit or to the common elements." Fla. Stat. § 718.108(1)(d). But the entire condominium would not fail because of this omission. Plaintiffs could seek relief by way of an amendment or an action to correct the Declaration. *See* Fla. Stat. § 718.110(10); *cf. Winkelman*, 661 So. 2d at 105 ("[T]he provisions of the declaration must conform to the statutory requirements, and to the extent that they conflict therewith, the statute must prevail."). Apart from this omission, Plaintiffs have not identified any property that was required to be designated as a common element by any statute, regulation, or other authority, but was omitted from the Declaration. Plaintiffs therefore failed to allege sufficient facts to state a plausible claim that the Declaration's definition of common elements rendered it ineffective to create a condominium.[6]

## Conclusion

In sum, the Declaration was deemed effective to create a condominium after the passage of three years, notwithstanding Plaintiffs' allegations that certain requirements of Chapter 718 were not satisfied. Further, Plaintiffs' alleged deficiencies would not invalidate the Declaration or constitute a title defect.[7] Accordingly, Commonwealth's motion to dismiss (Dkt. 33) is GRANTED. The amended complaint is DISMISSED WITH PREJUDICE.[8] The clerk is directed to ENTER

---

[6] Because Plaintiffs' claims are precluded by Fla. Stat. § 718.110(10), and because Plaintiffs' alleged deficiencies would not invalidate the Declaration or constitute a title defect, there is no need to address whether coverage for Plaintiffs' claims is barred by the exclusions in title insurance policy.

[7] In its motion, Commonwealth persuasively argued that the condominium conversion disclosure requirements do not apply because Sarasota Cay Club is not a residential condominium. Commonwealth further argued that the Declaration properly allocated each unit's share of the common elements and common surplus. Plaintiffs did not respond to these arguments. Moreover, such arguments would not be a sufficient basis to invalidate the condominium. *See* Fla. Stat. § 718.110(10).

To the extent Plaintiffs argue that the Declaration was invalid for failing to identify the "Condominium Property," that argument is rejected. Section 2.17 of the Declaration plainly identifies the "Condominium Property," and Exhibit 2 to the Declaration provides a metes and bounds description. Contrary to Plaintiffs' assertion, the Declaration does not fail to identify the condominium property simply because the "Commercial Unit" is defined as including all condominium property except the residential units and common elements.

[8] Plaintiffs have not requested leave to file a second amended complaint. They have had three opportunities to state a cause of action. (Case No. 09-cv-2543, Dkt. 1; Case No. 11-cv-1100, Dkts. 1, 28). Under the circumstances, the Court is not inclined to grant leave to amend *sua sponte*. *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541,

JUDGMENT in favor of Defendant and to CLOSE the file.

**DONE AND ORDERED** this 27th day of January, 2012.

_____
JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

542 (11th Cir. 2002) (en banc) ("A district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.").